# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

ANTHONY GUERNON and KEANHA SLOCUM,

    Plaintiff,

v.

JOEL BARROSO and STEVENS TRANSPORT, INC, a Texas corporation.

    Defendant.

## NOTICE OF REMOVAL

Defendants Joel Barroso and Stevens Transport, Inc., by and through their undersigned counsel, Paul T. Yarbrough and Brian D. Kennedy of the law firm of Hall & Evans, LLC, hereby submit the following Notice of Removal of the above-captioned action from Arapahoe County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

### I.    INTRODUCTION

1.    Plaintiffs Anthony Guernon and Keanha Slocum ("Plaintiffs") initiated this lawsuit on August 23, 2022 against Joel Barroso and Stevens Transport, Inc. ("Defendants"), in Arapahoe County District Court, State of Colorado, captioned *Anthony Guernon and Keanha Slocum v. Joel Barroso and Stevens Transport, Inc.*, Civil Action No. 2022CV31605, and it is now pending in that Court (the "State Action"). See **Exhibit A,** Plaintiff's Civil Cover Sheet; and **Exhibit B**, Plaintiff's Complaint.

2. Plaintiffs allege that, on May 3, 2021, Guernon was driving a 2016 Chevrolet Equinox on Interstate 25, near milepost 161 in El Paso County, Colorado. **Exhibit B**, ¶¶ 8, 24, 27. Slocum was a passenger in the 2016 Equinox. **Exhibit B**, ¶ 26. Plaintiffs maintain that, at the same time, Barroso, who was driving a tractor-trailer belonging to Stevens Transport, Inc. in the course and scope of his employment with that company and with the company's permission, changed lanes and pulled behind Plaintiffs in the left lane. **Exhibit B**, ¶¶ 9-10, 18-21, 27-33. Plaintiffs claim that Guernon slowed for traffic and that Barroso collided with the rear of the 2016 Equinox, causing injuries and damages to both Plaintiffs. **Exhibit B**, ¶¶ 34-36, 41, 91-92. Among the damages alleged are past medical expenses totaling over $130,000, as well as future medical expenses, permanent impairment, and past and future pain, suffering and emotional distress. **Exhibit B**, ¶¶ 49-50, 97. Plaintiffs are seeking to recover from Barroso under theories of negligence and negligence *per se*. Exhibit B, ¶¶ 40, 47, 59-92, 95-97, 105-1119. They seek relief from Stevens Transport, Inc. under the doctrine of *respondeat superior*. **Exhibit B**, ¶¶ 121-123.

## II.    COMPLIANCE WITH THE RULES

3. All procedural requirements related to the removal of this action have been satisfied.

4. Defendant Stevens Transport was served on August 31, 2022, in Dallas, Texas. *See* **Exhibit C**, Affidavit of Service on Defendant Stevens Transport.

5. Defendant Barroso was served on September 5, 2022, in Albuquerque, New Mexico. *See* **Exhibit D**, Affidavit of Service on Defendant Barroso.

6. This Notice of Removal is filed within thirty (30) days of service of the Plaintiffs' Complaint and Summons on Defendants and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

8. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendants or filed in the State Action are attached as follows:

| | | |
|---|---|---|
| **Exhibit A** | Civil Case Cover Sheet |
| **Exhibit B** | Complaint and Jury Demand |
| **Exhibit C** | Affidavit of Service on Defendant Stevens Transport |
| **Exhibit D** | Affidavit of Service on Defendant Barosso |
| **Exhibit E** | Summons to Defendant Stevens Transport |
| **Exhibit F** | Summons to Defendant Barroso |
| **Exhibit G** | Delay Reduction Order |

9. Pursuant to D.C.Colo.LCivR 81.1, Defendants state that no hearings or motions are pending, nor has any trial been set in the State Action.

10. Pursuant to Fed. R. Civ. P. 81(c), Defendants will present their defenses by pleading at the time prescribed herein, and specifically reserves its rights to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

11. Defendants have complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III. DIVERSITY JURISDICTION

12. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1332,

1441 and 1446. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

A.  **THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

13. There is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff Guernon is a citizen of Colorado, and Plaintiff Slocum is citizen of the State of Florida. **Exhibit B**, ¶¶ 1-2. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

14. Defendant Barroso is a citizen of the State of New Mexico, residing in Albuquerque, New Mexico. **Exhibit B**, ¶ 3.

15. Defendant Stevens Transport, Inc. is corporation organized under the laws of the State of Texas, with its principal offices located in Dallas, Texas. **Exhibit B**, ¶ 4. *See* 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

15. For purposes of federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

B.  **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

16. While not waiving Defendants' right to contest the issue, Plaintiffs seek a monetary judgment in excess of $75,000, exclusive of interest and costs. In their Complaint, Plaintiffs allege that they have suffered injuries and damages as a result of Defendants' negligence, with resulting medical treatment, medical expenses, future medical costs, permanent physical impairment and

noneconomic damages.  See generally **Exhibit B**.[1]  Plaintiffs also specifically allege past medical expenses in excess of $130,000.  **Exhibit B**, ¶¶ 49-50.

17. Furthermore, in the Civil Cover Sheet for the Complaint filed in Arapahoe County District Court, Plaintiffs state that they seek a monetary judgment over $100,000.  **Exhibit A**.

18. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

19. In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint.  *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940).  "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."  *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

20. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Id.* at 554.  A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable."  28

---

[1] Defendants denies Plaintiffs' allegations regarding their alleged damages and injuries and further deny any allegations of wrongdoing.

U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

21. Here, Plaintiffs admit that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of their Civil Case Cover Sheet, as well as in the Body of the Complaint. *See* **Exhibit A**. Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

22. In the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that she seeks "a monetary judgment over $100,000 . . . against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought." **Exhibit A**.

23. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016). The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings." *Id.*

24. Plaintiffs also specifically admit that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, in the body of their Complaint. *See* **Exhibit B**, ¶¶ 49-50.

24. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

25. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendants Joel Barroso and Stevens Transport, Inc. respectfully request that the action now pending in Arapahoe County District Court, Case No. 2022CV31457, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 29th day of September, 2022.

        HALL & EVANS, LLC

        *s/ Brian D. Kennedy*
        Paul T. Yarbrough
        Brian D. Kennedy
        1001 17th Street, Suite 300
        Denver, CO  80202
        Phone:  (303) 628-3300
        Fax:  (303) 628-3368
        yarbroughp@hallevans.com
        kennedyb@hallevans.com
        *Counsel for Defendants*
        *Joel Barroso and*
        *Stevens Transport, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2022, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court and served on the below-listed parties via email and U.S. Mail:

Emily Benight
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Denver, CO 80014
*Counsel for Plaintiff*

*s/ Nicole Marion*
Legal Assistant, Hall & Evans, LLC

8