**EXHIBIT B**

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address:<br>7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED: August 23, 2022 3:14 PM<br>FILING ID: CD17862D1D4BA<br>CASE NUMBER: 2022CV31605 |
| Plaintiff: Anthony Guernon and Keanha Slocum<br><br>v.<br><br>Defendant: Joel Barroso and Stevens Transport Inc | ▲COURT USE ONLY▲ |
| Counsel for the Plaintiff<br>Emily N. Benight, # 46465<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Denver, CO 80014<br>Telephone: 303-757-3300<br>Facsimile: 303-757-3206<br>E-Mail: benighte@fdazar.com | Case No.<br><br>Division: |
| **COMPLAINT** | |

**PLAINTIFF**, Anthony Guernon and Keanha Slocum, by and through their attorneys, Franklin D. Azar and Associates, P.C., for her Complaint against Defendants:

**GENERAL ALLEGATIONS**

1. Plaintiff, Anthony Guernon (hereinafter "Mr. Guernon") is an individual and resident of the County of El Paso, State of Colorado.

2. Plaintiff Keanha Slocum (hereinafter "Ms. Slocum") is an individual and resident of the State of Florida.

3. Defendant Joel Barroso (hereinafter "Defendant Barroso") is an individual and resident of Albuquerque, New Mexico.

4. Defendant Stevens Transport Inc. (hereinafter "Defendant Stevens Transport"), is a Texas Corporation, with its principal place of business in Dallas, Texas.

5. The tortious acts giving rise to this action occurred in the County of El Paso.

6. Venue is proper herein pursuant to C.R.C.P. 98(c).

7. This Court has jurisdiction over this matter pursuant to C.R.S. §13-1-124.

## GENERAL ALLEGATIONS

8. The collision occurred on May 3, 2021, at approximately 8:45 a.m.

9. Defendant Barroso was driving a 2020 Freightliner Corp Tractor and Trailer.

10. The 2020 Freightliner Corp Tractor and Trailer were owned by Defendant Stevens Transport.

11. The 2020 Freightliner Corp tractor's vin number was 3AKJHHDR1LSLM8216.

12. Defendant Stevens Transport owned this tractor.

13. This tractor was involved in the May 3, 2021, collision.

14. Defendant Barroso had permission to operate this tractor on May 3, 2021.

15. The 2020 Freightliner Corp trailer's vin number was 1UYVS2533HU877117.

16. Defendant Stevens Transport owned this trailer.

17. This trailer was involved in the May 3, 2021, collision.

18. Defendant Barroso had permission to pull this trailer on May 3, 2021.

19. Defendant Barroso was an employee of Defendant Stevens Transport, at the time of the crash.

20. Upon information and belief, Defendant Barroso was within his course and scope of employment at the time of the crash.

21. Upon information and belief, Defendant Barroso had permission to drive the 2020 Freightliner Corp Tractor and Trailer

22. Defendant Stevens Transport, had absolute control and responsibility of the 2020 Freightliner Corp Tractor and Trailer on the date of the crash

23. Defendant Stevens Transport gave Defendant Barroso permission to drive the 2020 Freightliner Corp Tractor and Trailer on the date of the crash.

24. Mr. Guernon was driving a 2016 Chevrolet Equinox.

25. Mr. Guernon owned the 2016 Chevrolet Equinox.

26. Ms. Slocum was a passenger in the 2016 Chevrolet Equinox.

27. Defendant Barroso was traveling northbound on Interstate 25 near milepost 161 in El Paso County, Colorado, in lane two.

28. Northbound Interstate 25 is three lanes.

29. Lane three is the left lane.

30. Lane two is the middle lane.

31. Lane one is the right lane.

32. Mr. Guernon was traveling northbound on Interstate 25 in lane three.

33. Defendant Barroso changed lanes behind Mr. Guernon's vehicle.

34. Mr. Guernon slowed down for traffic.

35. Defendant Barroso did not slow down for Mr. Guernon's vehicle.

36. Defendant Barroso's tractor struck the rear of Mr. Guernon's vehicle.

37. The impact was so hard it caused Mr. Guernon's vehicle to spin off the left side of the road and hit the stationary speed trailer.

38. Defendant Barroso drove to a controlled stop on the right shoulder.

39. Mr. Guernon's vehicle came to a final rest against a concrete median barrier next to the speed trailer.

40. Defendant Barroso had an obligation to maintain a careful lookout for other traffic on the road.

41. As a result of Defendant Barroso's negligent operation of his motor vehicle Mr. Guernon and Ms. Slocum sustained and suffered significant and ongoing injuries.

42. Officer Houde with the Colorado State Patrol interviewed Defendant Barroso.

43. Officer Houde interviewed Mr. Guernon.

44. Officer Houde prepared a State of Colorado Traffic Accident Report.

45. Officer Houde opined that Defendant Barroso's following too closely caused the crash.

46. Prior to the collision, Defendant Barroso saw Mr. Guernon' vehicle.

47. Nothing precluded Defendant Barroso from seeing Mr. Guernon' vehicle.

48. Mr. Guernon had no way of avoiding the collision.

49. Mr. Guernon has over $100,000.00 in medical expenses to date.

50. Ms. Slocum has over $30,000.00 in medical expenses to date.

51. No third party caused or aided in the causation of the collision or Mr. Guernon's injuries, damages, and losses.

52. No third party caused or aided in the causation of the collision or Ms. Slocum's injuries, damages, and losses.

53. Mr. Guernon was driving carefully at the time of the collision.

54. Mr. Guernon was driving safely at the time of collision.

55. Mr. Guernon was maintaining a careful lookout for other traffic on the road at the time of the collision.

56. Mr. Guernon was maintaining control of his vehicle at the time of the collision.

57. Mr. Guernon had the right of way at the time of the collision.

58. Mr. Guernon was not negligent at the time of the collision.

59. Defendant Barroso had a duty to use reasonable care in the operation of his vehicle.

60. Defendant Barroso breached his duty when he followed too closely and ran into the back of Mr. Guernon's vehicle.

61. Defendant Barroso's failure to use reasonable care was the direct and proximate cause of the subject crash.

62. Defendant Barroso had a duty to maintain a careful lookout for other traffic on the road.

63. Defendant Barroso breached his duty when he failed to maintain a careful lookout for other traffic on the road when he followed too closely and ran into the back of Mr. Guernon's vehicle.

64. Defendant Barroso's failure to maintain a careful lookout for other traffic on the road was the direct and proximate cause of the subject crash.

65. Defendant Barroso had a duty to avoid unnecessarily endangering other motorists.

66. Defendant Barroso breached his duty when he followed too closely and ran into the back of Mr. Guernon's vehicle.

67. Defendant Barroso's failure to avoid unnecessarily endangering other motorists was the direct and proximate cause of the subject crash.

68. Defendant Barroso had a duty to avoid colliding with another motorist.

69. Defendant Barroso breached his duty when he followed too closely and ran into the back of Mr. Guernon's vehicle.

70. Defendant Barroso's failure to avoid colliding with another motorist was the direct and proximate cause of the subject crash.

71. Defendant Barroso had a duty to yield right of way.

72. Defendant Barroso breached his duty when he failed to yield right of way to Plaintiff, and suddenly and without warning, he followed too closely and ran into the back of Mr. Guernon's vehicle.

73. Defendant Barroso's failure to yield right of way to Plaintiff's oncoming vehicle was the direct and proximate cause of the subject crash.

74. Defendant Barroso had a duty to not follow too closely.

75. Defendant Barroso breached his duty when he followed too closely and ran into the back of Mr. Guernon's vehicle.

76. Defendant Barroso's failure to not follow too closely to Plaintiff's oncoming vehicle was the direct and proximate cause of the subject crash.

77. Defendant Barroso had a duty to operate his vehicle in a safe and prudent manner.

78. Defendant Barroso breached his duty when he followed too closely and ran into the back of Mr. Guernon's vehicle.

79. Defendant Barroso's failure to operate his vehicle in a safe and prudent manner was the direct and proximate cause of the subject crash.

80. Defendant Barroso had a duty to avoid driving negligently.

81. Defendant Barroso breached his duty when he followed too closely and ran into the back of Mr. Guernon's vehicle.

82. Defendant Barroso's failure to avoid driving negligently was the direct and proximate cause of the subject crash.

83. Defendant Barroso had a duty to avoid driving carelessly.

84. Defendant Barroso breached his duty when he followed too closely and ran into the back of Mr. Guernon's vehicle.

85. Defendant Barroso's failure to avoid driving carelessly was the direct and proximate cause of the subject crash.

86. Defendant Barroso's actions violated his duty to Mr. Guernon.

87. Defendant Barroso's actions violated his duty to Ms. Slocum.

88. Defendant Barroso's actions caused the subject crash.

89. Defendant Barroso's actions were sufficient to cause injury to Mr. Guernon.

90. Defendant Barroso's actions were sufficient to cause injury to Ms. Slocum.

91. Defendant Barroso's actions did cause injury to Mr. Guernon.

92. Defendant Barroso's actions did cause injury to Ms. Slocum.

93. No third party caused the collision.

94. Defendant Barroso's driving conduct was negligent.

95. Defendant Barroso's negligence was the cause of the crash of May 3, 2021, which resulted in severe bodily injuries to Mr. Guernon.

96. Defendant Barroso's negligence was the cause of the crash of May 3, 2021, which resulted in severe bodily injuries to Ms. Slocum.

97. As a direct, foreseeable, and proximate result of the May 3, 2021, crash, caused by Defendant, Mr. Guernon and Ms. Slocum has suffered and will continue to suffer, severe and permanent personal injuries, including, but not limited to:
    a. Past, present, and future medical expenses;
    b. Other economic damages, not yet determined;
    c. Past, present, and future pain and suffering;
    d. Past, present, and future loss of enjoyment of life;
    e. Past, present, and future emotional distress;
    f. Permanent impairment;
    g. And other injuries and damages not yet determined.

98. Mr. Guernon was not negligent at the time of the collision.

99. Mr. Guernon had evident injuries at the scene of the collision.

100. Ms. Slocum had evident injuries at the scene of the collision.

101. Mr. Guernon suffered evident injuries at the scene of the crash.

102. Ms. Slocum suffered evident injuries at the scene of the crash.

103. Mr. Guernon incurred injuries, losses, and damages as a result of the collision.

104. Ms. Slocum incurred injuries, losses, and damages as a result of the collision.

105. Mr. Guernon's injuries, losses, and damages were caused by Defendant Barroso's negligence.

106. Ms. Slocum's injuries, losses, and damages were caused by Defendant Barroso's negligence.

107. Defendant Barroso drove his vehicle without due regard for traffic.

108. Defendant Barroso was driving carelessly at the time of the collision.

109. Defendant Barroso careless driving was the cause of the collision.

## FIRST CLAIM FOR RELIEF

### (Negligence Against Defendant Barroso)

110. Mr. Guernon and Ms. Slocum, incorporates all prior allegations as though fully set forth herein.

111. In operating his vehicle in the manner described herein. Defendant Barroso breached his duties, and was negligent and carless in the following respects:
    a. Failing to use reasonable care in the operation of his vehicle;
    b. Failing to avoid unnecessarily endangering other motorists;
    c. Failing to operate his vehicle in a safe and prudent manner;
    d. Driving negligently;
    e. Driving carelessly;
    f. Failing to operate his vehicle in such a way as to not collide with another vehicle being lawfully operated on the streets and highways;
    g. Failing to have due regard for the presence of the Plaintiff's vehicle and the traffic upon the highway;
    h. Failing to see what is plainly visible;
    i. Failing to yield right of way.

112. The conduct complaint of herein of Defendant Barroso constitutes negligence, and as a direct and proximate result of such negligence, Plaintiffs suffered and continues to suffer damages, as more fully described above.

## SECOND CLAIM FOR RELIEF

### (Negligence *Per Se* Against Defendant Barroso)

113. Mr. Guernon and Ms. Slocum, incorporates all prior allegations as though fully set forth herein.

114. In the course of the motor vehicle collision described above, Defendant Barroso violated C.R.S. § 42-4-1402, Careless Driving.

115. In the course of the motor vehicle collision described above, Defendant violated C.R.S. § 42-4-1008, Following too closely

116. Mr. Guernon and Ms. Slocum are members of the class of persons which the

aforementioned statutes were intended to protect.

117. The purpose of the aforementioned statutes is to protect against the type of injuries or losses that Mr. Guernon and Ms. Slocum sustained.

118. Defendant's driving conduct as complained of herein violate statute and constitute negligence *per se*.

119. As a direct, proximate, and foreseeable result of Defendant's negligence *per se*, Plaintiffs suffered injuries and damages more fully described above.

### THIRD CLAIM FOR RELIEF

### (Vicarious Liability Against Defendant Stevens Transport, LLC)

120. Mr. Guernon and Ms. Slocum hereby incorporates all preceding paragraphs as though fully set forth herein.

121. Defendant Stevens Transport, is vicariously liable to Mr. Guernon and Ms. Slocum for the careless, negligent, reckless and/or willful and wanton conduct of Mr. Barroso, who was their agent and/or employee acting within the course and scope of his employment at the time of the collision.

122. The aforementioned acts and omissions were the cause of the accident and Plaintiffs' subsequent injuries, losses and damages.

123. As a direct, proximate, and foreseeable result of Defendant Barroso's negligent, Defendant Stevens Transport, is responsible for Plaintiffs' suffered injuries and damages more fully described above.

WHEREFORE, Mr. Guernon and Ms. Slocum respectfully requests this Court enter judgment against Defendant and in their favor for actual damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

Respectfully, submitted this 22nd day of August, 2022,

FRANKLIN D. AZAR & ASSOCIATES, P.C.
By: */s/ Emily N. Benight*
Emily N. Benight, #46465
Attorneys for the Plaintiff

**Plaintiff Guernon's Address:**
3425 Prestwicke Place
Colorado Springs, CO 80922
**Plaintiff Slocum's Address:**

1125 Charlotte Avenue
Sarasota, Florida 34237